IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.    DELOMA D. GAY, | ) | |
| | ) | |
|        Plaintiff, | ) | |
| v. | ) | CIV-15-148-FHS |
| | ) | |
| 1.    METWEST, INC., d/b/a QUEST | ) | |
|       DIAGNOSTICS INC., a/k/a | ) | |
|       DIAGNOSTIC LABORATORY | ) | |
|       OF OKLAHOMA, | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
|        Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, Deloma D. Gay, and for her Complaint in the above-entitled action, alleges and states as follows:

### PARTIES

1. Plaintiff, Deloma D. Gay, is an adult female resident of Carter County, Oklahoma.

2. Defendant Metwest, Inc., d/b/a Quest Diagnostics Inc., a/k/a Diagnostic Laboratory of Oklahoma is an entity doing business in Carter County, Oklahoma.

### JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on claims of (a) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), (b) violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 in the form of race discrimination, and (c) failure to pay

wages in violation of the Fair Labor Standards Act and Oklahoma state law.

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claims as they arise out of the same core of operative facts as the federal claims and jurisdiction over them is vested in this Court under 28 U.S.C. § 1367(a).

5. All of the actions complained of herein occurred in Carter County, Oklahoma. Defendant is doing business in such county and may be served in said county. Carter County is located in the Eastern District of Oklahoma. Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6. Plaintiff has exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 18, 2014. Plaintiff received her Dismissal and Notice of Rights letter from the EEOC dated January 23, 2015 (received by Plaintiff by mail thereafter), and has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

**STATEMENT OF FACTS**

7. Plaintiff Deloma D. Gay is a Black female who was born in February 1958, making her over the age of forty (40) at all times relevant to this action.

8. Plaintiff began her employment with Defendant in or around August 2005 as a Phlebotomist Representative II. Plaintiff also performed the job duties of office manager throughout her employment. Plaintiff was recruited by Defendant from her previous job of

twenty-six (26) years and asked to assist in the opening of Defendant's Ardmore, Oklahoma location.

9. Plaintiff was the only Black employee at her location.

10. Throughout Plaintiff's employment, her performance was satisfactory, if not excellent. She received positive performance evaluations, had no customer complaints and no discipline up to the date of her termination. In fact, Plaintiff received a positive performance evaluation in February 2014, just two months prior to her termination.

11. Plaintiff reported to Team Leader Kory Claxton (who is White and significantly younger than Plaintiff) and supervisor Gayla Anson (who is White). Claxton officed out of Defendant's Durant office, and Anson worked out of the Ada location.

12. On or about May 29, 2014, Plaintiff's grandson, who was four (4) at the time and lives with Plaintiff, had been dropped off at Defendant's office by his babysitter around 1:00 pm due to an unexpected situation. Plaintiff immediately called her husband to pick up the child as soon as he could, but as there were patients waiting, did not feel it was appropriate to leave for the remainder of her shift. Therefore, Plaintiff had her grandson quietly watch television and wait to be picked up in a back room away from patients.

13. That same day, around 2:00 p.m., Plaintiff was approached by a another employee, Wyshunda Purvey, while Plaintiff was assisting patients. Purvey, who had been working out of the Duncan and Lawton offices and not scheduled to work at the Ardmore office that day, began yelling at Plaintiff in front of patients regarding a personal issue

between Purvey and Plaintiff's daughter.

14.  Plaintiff attempted to calm Purvey and stated she would be happy to discuss any concerns after her shift and when there were no patients needing assistance. However, Purvey continued to berate Plaintiff, aggressively yelling and cursing at Plaintiff in front of patients.

15.  A patient heard Purvey yelling at Plaintiff and tried to assist in calming Purvey. When their attempts to calm Purvey were unsuccessful, the patient called the police in fear that Purvey was going to become physically violent.

16.  At no time did Plaintiff yell at or swear at Purvey.

17.  When the police arrived, they escorted Purvey from the premise and Plaintiff told the police that she had been assaulted by Purvey.

18.  Plaintiff then called Claxton to inform him. Claxton told Plaintiff that he would speak with Anson and call Plaintiff back. Plaintiff also faxed Claxton and Anson statements from herself and the patient detailing the events.

19.  Claxton then notified Plaintiff that she was suspended the next day, Friday, May 30, 2014, and would be notified if she was to return to work on Monday.

20.  On or about Monday, June 2, 2014, Plaintiff received a call from Claxton, asking that she go into the office. Upon her arrival, Plaintiff was met by Anson and Troy Hitzeman (who is White and significantly younger than Plaintiff), who is a Phlebotomy Manager out of Defendant's Oklahoma City office. They said she was being terminated for

the incident with Purvey. Anson directed Plaintiff to file for unemployment, stating that Defendant would not contest it.

21. Plaintiff was shocked by her termination, as she had no prior discipline, had been an excellent employee and had done all she could to calm Purvey's behavior.

22. Plaintiff filed for unemployment, as directed by Anson, however Defendant contested it, falsely claiming that Plaintiff had been fired for being involved in a "verbal and physical altercation."

23. Significantly, White and significantly younger employees have been treated more favorably than Plaintiff. For instance, Claxton had been trained by Plaintiff at her previous job and had significantly less experience than Plaintiff. However, Claxton was hired to be Plaintiff's supervisor. Plaintiff was not notified that a supervisory position was open and only became aware of the same after Claxton had been hired.

24. And, within the past year, a White Team Lead Phlebotomist was allowed to retain his position despite having been in treatment for a substance abuse problem.

25. Claxton was also known to bring his children to work without repercussion.

26. In addition, Calvin (last name unknown), who was a White driver was frequently late for shifts or failed to appear at work without notice. Yet, Calvin has been allowed to keep his job.

27. Michelle (last name unknown), a White Phlebotomist in Defendant's Ada office (who is in her 30s), got into an altercation with Anson in or around 2013. Then,

Michelle entered the office after hours, throwing items around the office, causing significant damage. Michelle is a current employee.

28. And, Defendant has a policy forbidding personal cell phones during work hours. However, the non-Black co-workers at Plaintiff's location consistently used their cell phones without receiving discipline.

29. Plaintiff was not paid a bonus check that was due to her in March 2014.

30. Upon information and belief, Plaintiff was replaced by a White female in her mid to late 20s, i.e. significantly younger than Plaintiff.

31. As a direct and proximate result of Defendant's actions, Plaintiff has suffered the injuries described hereafter.

## COUNT I - ADEA

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

32. The matters alleged above constitute violations of the ADEA in the form of age discrimination.

33. Plaintiff is entitled to relief under the ADEA because, at all times relevant to this action, she was over the age of forty (40), was qualified for her job, was suspended and terminated, and her position was not eliminated.

34. As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991. Plaintiff is

also entitled to liquidated damages based upon Defendant's willful conduct in violating the ADEA.

## COUNT II - Title VII Race Discrimination

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

35. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of race discrimination.

36. Plaintiff is entitled to relief under Title VII because she is Black, was qualified for her job, was suspended, was terminated, and her position was not eliminated.

37. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

38. Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, the Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## COUNT III: 42 U.S.C. § 1981

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

39. The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination.

40. Plaintiff is entitled to relief under 42 U.S.C. § 1981 because she is Black, was qualified for her job, was suspended, was terminated, and her position was not eliminated.

41. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress, punitive damages (to the extent available) and other equitable and other compensatory damages.

42. To the extent that the actions of the Defendant are deemed willful or deliberately indifferent, then punitive damages (to the extent available) are warranted and should be assessed accordingly.

### COUNT IV: Violation of Okla. Stat. tit. 40 § 165.3

For her fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

43. The acts described above constitute a failure to pay wages in violation of Oklahoma state law.

44. As such, Plaintiff is entitled to recover all damages available under state law.

### COUNT V - FLSA

For her fifth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

45. The acts described above constitute violations of the Fair Labor Standards Act for failure to pay wages.

46.     As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff suffered a loss of income and other damages.  As such, Plaintiff is entitled to recover lost wages, liquidated damages, attorneys' fees and costs incurred in connection with this claim.

47.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA law.  Defendant knew, or showed reckless disregard for the fact that their compensation practices were in violation of the law.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory, punitive damages, and liquidated damages, together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 22nd DAY OF APRIL, 2015.**

s/Jana B. Leonard
JANA B. LEONARD, OBA# 17844
EMILY VAN VOLKINBURG, OBA # 31744
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800     (telephone)
(405) 239-3801     (facsimile)
leonardjb@leonardlaw.net
emilyv@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED